Meeks Motor Freight, Inc. v. Commissioner.
Meeks Motor Freight, Inc. v. Commissioner
Docket No. 16176.
United States Tax Court
1949 Tax Ct. Memo LEXIS 77; 8 T.C.M. (CCH) 838; T.C.M. (RIA) 49225; September 13, 1949
*77 Petitioner acquired the assets and assumed the liabilities of a predecessor corporation and partnership. The predecessors had been insured under policies issued by a mutual insurance company, members of which assumed a contingent liability equal to the premiums paid. A receiver of the insurer made an assessment against petitioner, which petitioner compromised. Held, the amount paid in compromise was a part of the cost of assets acquired by petitioner from its predecessors and was not a business expense or loss of petitioner. Harry R. Kurrie, Jr., Esq., Kentucky Home Life Bldg., Louisville, Ky., for the petitioner. George LeBlanc, Esq., for the respondent. ARNOLD
Memorandum Opinion ARNOLD, Judge: Respondent determined a deficiency in petitioner's income tax for 1944 and 1945 in the amount of $487.57. Petitioner concedes a deficiency of $30.52 for 1944, but contests a deficiency of $457.05 for 1945, resulting from the disallowance of $1,686.30 deducted on its 1945 return. This amount was paid in settlement of the contingent liability of petitioner or its predecessors to a mutual insurance company under policies of insurance. The issue is whether the payment *78 was a business expense or loss, as claimed by petitioner, or a capital item, as determined by respondent. Petitioner is a corporation organized under the laws of Kentucky and has its principal place of business at Louisville, Kentucky. It filed its corporation income tax returns for the years 1944 and 1945 with the collector of internal revenue at Louisville. [The Facts] The parties stipulated: 1. That Charles L. Meeks and Dan J. Meeks began operations as truck common carriers under the name and style of "Here Comes Meeks" in 1915, as a partnership. 2. That M. & C. Freight Lines, a corporation, began operations as a truck common carrier in May, 1931. 3. Petitioner was formed on June 30, 1936, for the purpose of acquiring the assets of "Here Comes Meeks" and M. & C. Freight Lines. 4. The petitioner's stockholders on July 7, 1936 accepted the proposal of Charles L. Meeks to sell all the assets of the partnership known as "Here Comes Meeks" to petitioner for 300 shares of stock, subject to approval by the Interstate Commerce Commission. This action was approved by the directors of petitioner on the same day. 5. The acquisition was approved by the Interstate Commerce *79 Commission in Docket No. MC-F-147 on July 25, 1938, the Commission finding that the assets of the partnership and the corporation were transferred in return for common stock in petitioner and petitioner did assume all liabilities of both predecessors. 6. The transfer of the assets of M. & C. Freight Lines was approved by the Board of Directors of that corporation on August 10, 1938 and the corporation dissolved. The partnership of "Here Comes Meeks" likewise transferred its assets to the petitioner and was dissolved. 7. During the period from January 31, 1935 to January 11, 1937, the several corporations and partnership aforesaid had policies of liability insurance in force in the Central Mutual Insurance Company of Chicago, Illinois. All of said policies contained the following clause: "The contingent liability of the assured hereunder is limited to one time the premium named herein and no more. The assured is given and hereby accepts notice that by virtue of this policy he is a member of the Central Mutual Insurance Company of Chicago and that annual meetings of the Company are held at its home office at Chicago, Illinois, the first Tuesday following the second Monday of February *80 in each year." 8. Receivership proceedings were filed against the Central Mutual Insurance Company in the Circuit Court of Cook County, Illinois, on January 11, 1937 and Henry G. Miller was appointed Receiver but resigned on May 26, 1941 and Roy D. Keelin was thereupon appointed Receiver. 9. On March 19, 1940, an assessment of 100% of the premiums named in the policies was made by said Henry G. Miller, Receiver, on all persons holding policies between January 31, 1935 and January 11, 1937. This assessment was finally approved by the Appellate Court of Illinois on January 22, 1942. 10. The policies held by the corporations hereinbefore named and the petitioner were, as to policy number, insured, premium and assessment, as follows: Policy No.
Insured
Premium
Assessment
IK 90455
Charles L. and Dan J. Meeks and M. & C.
$5300.00
$4900.00
Freight Lines. In force 11/20/34 to
2/20/36. M. & C. paid $551.19 in pre-
miums. Total premiums for period
$5300.00.
IK 91040
M. & C. Freight Lines
1000.00
1000.00
In force 1/1/35 to 1/1/36.
X 113869
"Here Comes Meeks"; M. & C. Freight
4371.34
4400.00
Lines; Meeks Motor Freight. In force
2/20/36 to 10/31/36. ("Here Comes
Meeks" paid $2121.55, M. & C. Freight
Lines $1284.75, Meeks Motor Freight
$965.08).
Various personal policies Charles L. and
Dan J. Meeks, D. M. Miles, A. M. Chelf
and Charles Meeks
81.00
$10,381.00
*81 11. Notices of said assessments were given by Henry G. Miller, Receiver, as follows: "Here Comes Meeks" July 20, 1940 on Policy IK 90455. "Here Comes Meeks" Oct. 18, 1940 on Policy X 113869. M. & C. Freight Lines August 30, 1943 on all policies. Meeks Motor Freight August 30, 1943 on X 113869. Total assessments levied were in the amount of $10,381.00 as set out in paragraph ten (10) of this Stipulation. 12. Action was begun against "Here Comes Meeks" on July 26, 1944 in the District Court of the United States for the Northern District of Ohio asserting a liability of $12,091.03 on policies X 113869 ($6,356.60) and IK 90455 ($5,734.98). 13. No actions were filed against M. & C. Freight Lines or petitioner. 14. Pursuant to the obligation assumed by petitioner in connection with the acquisition of the assets of "Here Comes Meeks" and M. & C. Freight Lines as set out in paragraphs four (4), five (5) and six (6), supra, the petitioner did, in June, 1945, compromise the said claims against itself, "Here Comes Meeks" and M. & C. Freight Lines for a total of $3,100.00. 15. The Nahm Insurance Agency, through whom the policies had been written, subsequently paid petitioner $1,240.00 *82 on this settlement leaving a net payment by petitioner of $1,860.00. Petitioner claimed a deduction of this amount on its 1945 income tax return. 16. The Commissioner of Internal Revenue allowed the deductions to the extent of $173.70 as being the portion of the assessment attributable to petitioner's personal liability and disallowed the sum of $1,686.30 balance which represents the amount assessed against "Here Comes Meeks" and M. & C. Freight Lines, which action of the Commissioner resulted in a deficiency of $487.50 for 1945, which is now in controversy. Petitioner acquired the assets and assumed the liabilities of "Here Comes Meeks" and M. & C. Freight Lines. Respondent's position is that the payment made by petitioner in compromise of the liabilities of its predecessors was not an ordinary and necessary expense of the petitioner's business but was a part of the cost of the acquisition of the assets of its predecessors. [Opinion] In , affirmed, , the Board held that amounts paid out by the taxpayer upon obligations of a predecessor corporation which it assumed as part consideration for the *83 purchase of the assets of the predecessor were a part of the cost to the taxpayer of those assets and constitute capital items rather than deductible business expenses. Petitioner concedes that this conclusion is correct if a contingent or express liability is in existence at the time of the assumption of the debts or if the liability is one which, in the ordinary course of business, it is reasonable to assume would be asserted. Petitioner argues that in the instant case the only notice petitioner had at the time of the completion of the transaction was the fact that the insurance company was in receivership and that the policies provided for a contingent liability of one times the premium. At that time there was no claim asserted in the receivership against the policyholders and no notice that any would be asserted. Petitioner contends that, therefore, the payment was a business expense, or loss, of petitioner. In , the taxpayer corporation took over the business and assets of a partnership in exchange for its common stock and assumption of the liabilities of the partnership. The liabilities included two *84 claims which grew out of a collision involving a truck operated by the partnership. Suits were brought against the partnership as a result of this collision. The suits were pending at the time the taxpayer took over the assets and assumed the liabilities. The taxpayer settled the suits and deducted the amounts paid as business expenses or losses. In affirming a Tax Court memorandum opinion, the Circuit Court of Appeals for the Eighth Circuit disallowed the claimed deduction on the ground that the payments represented capital expenditures, being part of the consideration for the acquisition by the taxpayer of the assets of the partnership. The Circuit Court of Appeals for the Fifth Circuit, in , affirming a Tax Court memorandum opinion [; Dec. 15,103(M)], held that where a taxpayer corporation had acquired the assets of another corporation and agreed to assume all liabilities, actual or contingent, of the transferor corporation, the payment and discharge of such liabilities was a capital expenditure, as to the unknown as well as as the known liabilities, and not a business loss. We think these *85 cases are determinative of the issue here. Petitioner acquired the assets of its predecessors and undertook, as consideration, to meet their liabilities. The payment in question was made to discharge a liability assumed. The fact that the liability may not have been asserted at the time of the acquisition of the assets does not change the nature of the payment. The liability did not raise out of the petitioner's business operations. It is a capital item and not deductible as a business expense or loss by the petitioner for income tax purposes. The petitioner argues that under state law it was primarly liable for this assessment, regardless of its contract whereby the liabilities were assumed, citing a statute of the State of Kentucky which provides that a consolidated corporation shall be vested with all rights, privileges, and assets of the constituent corporations without deed or transfer and shall be bound for all their contracts and liabilities, and says that since the petitioner is primarily liable the payment is a business expense of petitioner. The state law, however, does not change the character of the expenditure. It is not a question of whether petitioner is liable but *86 of the source of its liability. Here the source was the purchase price of assets. The fact that liability may have been imposed upon petitioner by statute as well as by contract does not change its nature. The petitioner cites certain cases in support of its position. ; All ; ; ; and . These cases are not in point for they do not deal with a liability assumed as part of the purchase price of assets. Decision will be entered for the respondent.